# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DANIEL LITTLEPAGE,

              Petitioner,     :     Case No. 1:16-cv-1005

    - vs -                         District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                              :

              Respondent.

## ORDER DENYING MOTION FOR STAY AND ABEYANCE; SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This is habeas corpus case is before the Court on Petitioner's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 24). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 28).

      The Petition herein pleads three Grounds for Relief, but neither Petitioner's Reply (ECF No. 18) nor his Objections (ECF No. 27) are organized around those grounds. Instead of trying to re-arrange the Objections, the Magistrate Judge will take them as they are written and respond one-by-one.

**Motion for Stay and Abeyance**

Littlepage filed a Motion for Stay and Abeyance as an attachment to his Petition (ECF No. 1-3). He objects that it has not been ruled on (Objections, ECF No. 27, PageID 1241). The Clerk never separately docketed that Motion and neither Magistrate Judge Bowman nor the undersigned every ruled on it. In the Motion he asserts that he has filed a state habeas corpus action, a petition for post-conviction relief, and application for delayed reopening of his direct appeal under Ohio R. App. P. 26(B), a mandamus action to obtain discovery documents, a motion "to reissue untimely denials due to lack of service," and an application for DNA testing (*Id.* at PageID 45.) Other actions he was then contemplating were a motion for new trial, a motion to withdraw his guilty plea, and a motion to correct sentence. *Id.* However, his request for stay and abeyance is conditional on this Court's finding "any claim as truly unexhausted (and in further need of State review first); . . ." Respondent has not raised an exhaustion objection and the Magistrate Judge has not found that any claim cannot be decided for lack of exhaustion. Therefore the Motion for Stay and Abeyance is moot and is hereby DENIED.

**Motion for Complete State Court Record**

On July 20, 2017, Littlepage filed a Motion for an order requiring the filing of the "complete state record." (ECF No. 16). He claims that Magistrate Judge Bowman granted that motion (Objections, ECF No. 27), but she did not. That Motion was still pending when the case was transferred to the undersigned who granted it in part and denied it in part on December 6, 2017

(ECF No. 20). As Littlepage was informed in that decision, Magistrate Judge Bowman's Order for Answer did not require the "complete state record," but only those portions required by Rule 5 of the Rules Governing § 2254 Cases. *Id.* at PageID 1187. The Decision and Order found that Respondent had filed considerably more than the rule requires, but went on to treat Littlepage's motion as one for expansion of the record and ordered the filing of any decision from his state mandamus action. *Id.* at PageID 1188. Littlepage was invited to file a memorandum explaining why the mandamus papers were relevant and he argued they showed he never received discovery and *Brady* material (ECF No. 23).

**Certificate of Appealability and Appeal** *in forma pauperis*

Littlepage objects to the denial of a certificate of appealability. He uses the purported disagreement between Magistrate Judge Bowman and Magistrate Judge Merz over completing the state record as an example of how reasonable jurists could disagree and opines that because there are "major Federal Constitutional Questions in this case," a certificate of appealability should be issued regardless of the disposition of the case (Objections, ECF No. 27, PageID 1243).

The issue on the certificate of appealaiblity question is not whether there are major constitutional questions in the case. Virtually every habeas petitioner claims his or her constitutional issues are major. The issue is whether reasonable jurists would disagree with the disposition of the case.

Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001);

3

*Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

As to appeal *in forma pauperis*, Littlepage notes that Magistrate Judge Bowman determined the Petition was not too frivolous to order an answer. That is correct and the undersigned does not in any way question that decision. But the question whether a petition is sufficient to warrant an answer and the question whether, after the case has been decided, an appeal should be permitted to proceed *in forma pauperis* are different questions because one is made on consideration of only one side of the case and the other is made after the case is complete.

**Petitioner's Drug Overdose**

Next Littlepage accuses the undersigned of trying to downplay his drug overdose which he claims made his confession involuntary and void (Objections, ECF No. 27, PageID 1245). Not so. The Magistrate Judge is aware from the state court record of the serious medical situation in which Littlepage was arrested in the hospital chapel with a confession recorded on the digital recorder found next to him. If the State had relied on that confession at a trial, there would have been serious questions presented about Littlepage's ingestion of Therazepam before he made it. But that recorded confession was never offered in evidence because there was no trial. The murder

4

and overdose occurred in July 2013 and Littlepage did not plead guilty until December when he swore on the record in response to Judge Nadel's question that he was not under the influence of drugs.

In support of this objection, Littlepage attaches multiple documents which this Court cannot consider because they were not before the state courts when they adjudicated this case. A habeas petitioner may not just add documents to the record without court permission and no permission would be given for these because of Supreme Court authority prohibiting their consideration. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**Judge Nadel's Denial of a Motion for Delayed Appeal**

At many points in his pleadings, Littlepage accuses Judge Norbert Nadel, the trial judge in this case, of bias, corruption, "fraud on the court," etc. because he handwrote and signed an entry on June 10, 2014, purporting to deny Littlepage's motion for delayed appeal (See, for one example of the document, PageID 1270.) It is well known in Ohio practice that the decision whether to grant or deny a delayed appeal is committed to the appellate court. The record does not disclose how the motion came to Juge Nadel's attention, although the Clerk of his court is also the Clerk of the First District Court of Appeals and the case number on the Motion is the trial court case number (See State Court Record, ECF No. 13, PageID 244). However the record also shows that when a motion for delayed appeal was filed with the appellate case number in the caption (PageID 459), the motion was granted by Judge Hildebrandt of the First District (PageID 484).

The Report rejects this issue as having no relevance. Littlepage objects "It certainly was

done beyond his authority and greatly prejudiced Mr. Littlepage. Such constitutional deprivations must trigger some level of error. But Magistrate Merz ignores all the harm this Order caused." (Objections, ECF No. 27, PageID 1245). There is no federal constitutional violation in a busy Common Pleas judge's signing an order on a motion apparently filed in his court. It was error, but not constitutional error. And Littlepage never explains the "great prejudice": he was granted his delayed appeal by an appropriate judge.

**Insufficient Evidence to Convict**

Mr. Littlepage objects that the State lacked sufficient evidence to convict under the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979)(Objections, ECF No. 27, PageID 1249). Littlepage did not plead insufficiency of the evidence as a ground for relief. Moreover, the State was not put to its proof: by pleading guilty, Littlepage waived a trial.

**Lack of a Three-Judge Panel**

In his Objections, Littlepage claims for the first time in these proceedings that his guilty plea is invalid because it was not made "before a three-judge panel as required for charges of Aggravated Murder – see *State v. Parker* [95 Ohio St. 3d 524 (2002)]" (Objections, ECF No. 27, PageID 1253).

In *Parker* the Ohio Supreme Court held that a single Common Pleas Judge could not validly accept a guilty plea in an aggravated murder case with death specifications in the indictment, even though the State had agreed not to pursue the death penalty. But *Parker* does not apply here

because the Indictment contains no capital specification, but merely two firearm specifications (Indictment, State Court Record, ECF No. 13, PageID 232-33.)

Littlepage further objects that the murder weapon has never been recovered (ECF No. 27, PageID 1259). But there is no doubt that the victim was killed by gunshot and that Littlepage admitted under oath in open court that he was the person who fired those shots.

**Actual Innocence**

Mr. Littlepage again proclaims his innocence and asks the Court to consider purported letter from a Linda Freeman dated July 22, 2013, and attached to the Objections as Exhibit L. The letter is unsworn and is not part of the State Court Record, so this Court is precluded from considering it by *Pinholster, supra.* More importantly, this letter was already in existence very shortly after the murder, but months before Littlepage waived his right to present evidence and pleaded guilty.

**The Guilty Plea Process**

Littlepage asserts his guilty plea was coerced by his attorneys telling him Judge Nadel would sentence him to death if he did not plead guilty. Obviously this alleged threat does not appear on the record. Since it is outside the record, the proper place to raise the claim would be in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Littlepage filed such a Petition of August 1, 2014 (State Court Record, ECF No. 13, PageID 270, et seq.). In his Claim Two he asserts his guilty plea was invalid because he had diminished capacity (PageID 272). His

7

Claim Three asserts prosecutorial misconduct by coercing him to plead guilty knowing he was of diminished capacity and failure to investigate his claims of innocence. Attached is Petitioner's Affidavit giving his account of the dispute between himself and the victim and other family members. In particular at ¶ 67, he alleges that he was coerced into pleading guilty because his public defender did not get some photographs he wanted to use as evidence and "he stated Judge Nadel said he would give me life if I tried to take it to trial." (PageID 290). There is no allegation of a threat of the death penalty. A claim of such a threat is incredible since Littlepage had not been indicted with capital specifications.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 9, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).