UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Littlepage,

    Petitioner,

        v.                           Case No. 1:16cv1005

Warden,                            Judge Michael R. Barrett
Chillicothe Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's December 20, 2017 Report and Recommendation ("R&R") (Doc. 24) and February 9, 2018 Order Denying Motion for Stay and Abeyance; Supplemental R&R (Doc. 29). Petitioner has filed objections to the Magistrate Judge's R&Rs. (Docs. 27, 31).

### I.    BACKGROUND

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. In the underlying state court proceedings, Petitioner was indicted for one count of murder and one count of aggravated murder, both with firearm specifications, arising out of the death of his brother Larry Littlepage. Petitioner plead guilty to aggravated murder and one firearm specification. Petitioner was sentenced to life imprisonment with parole eligibility at twenty years, plus three consecutive years for the firearm specification.

Petitioner claims three grounds for relief: (1) his guilty plea was invalid; (2) ineffective assistance of appellate counsel; and (3) cumulative error. Petitioner also claims that he is actually innocent of the murder of his brother Larry because the murder was committed by his other brother, Gary.

In the December 20, 2017 R&R, the Magistrate Judge recommends denying the petition with prejudice. In the February 9, 2018 Order, the Magistrate Judge denied Petitioner's Motion for Stay and Abeyance.[1] In the Supplemental R&R, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. The Magistrate Judge also recommends that Petitioner be denied a certificate of appealability, and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis.

## II. ANALYSIS

### A. Standard of review

When timely objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[1]This Motion was never filed as a separate docket entry and only appears in the record as an attachment to the Petition.

2

### B. Guilty Plea

Petitioner makes a number of arguments related to his guilty plea. The Magistrate Judge explained that on appeal in the state court proceedings, Petitioner had already claimed that his plea was not made knowingly, intelligently, and voluntarily. As part of the appeal of his post-conviction petition, the First District Court of Appeals concluded that there was no support for Petitioner's claim that his guilty plea was the unknowing, involuntary, or unintelligent product of his trial counsel's ineffectiveness, the trial judge's predisposition against him, prosecutorial misconduct, or any medication that he was taking. The Magistrate Judge found that this conclusion was not based on an unreasonable determination of the facts based on the evidence presented.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 only permits habeas relief if the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

In his Objections, Petitioner argues that there is evidence that he overdosed on medications on two occasions which demonstrates that his guilty plea was not made knowingly, intelligently, and voluntarily.

3

The Magistrate Judge addressed the first overdose, which occurred on July 20, 2013. Petitioner was found unconscious in the chapel of Mt. Airy Hospital. Next to Petitioner was a digital recorder which contained a lengthy confession to his brother's murder. The Magistrate Judge noted that Petitioner did not plead guilty until five months later in December of 2013. As to the second overdose, it appears that Petitioner is referring to an overdose on the morning of his arraignment. (Doc. 31-1, PAGEID # 1354). However, that arraignment took place on July 22, 2013. (Id.) Therefore, the same rationale applies to the second overdose as applies to the first overdose. As the Magistrate Judge explained, Petitioner's conviction was not based upon the confessions which took place before or after his overdose, but was based upon his statements on the record during his plea colloquy on December 10, 2013. As the Magistrate Judge pointed out, Petitioner specifically stated that he was not under the influence of drugs and alcohol when he entered his plea. (Doc #: 13-2, PAGEID # 1088).[2] Therefore, Petitioner's own statements in the transcript show that he knowingly and voluntarily chose to plead guilty. A plea-proceeding transcript which suggests that a plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Petitioner has not met that burden here. Accordingly, even if Petitioner could have shown that his confessions were made while he was under the influence of drugs, and were therefore constitutionally inadmissible, Petitioner nevertheless cannot prevail on his habeas claim since the record established that his guilty plea was in fact voluntary. *Accord Reed v.*

---

[2] The Magistrate Judge stated that Petitioner's statements were sworn. (Doc. 29, PAGEID# 1293). However, there is nothing in the record showing that Petitioner was sworn in during the plea hearing.

4

*Henderson*, 385 F.2d 995, 997 (6th Cir. 1967).

Similarly, while Petitioner argues that his guilty plea was coerced by his attorneys with the threat of the death penalty, a solemn plea of guilty presents a "formidable barrier" to a subsequent claim to the contrary. *Blackledge v. Allison*, 431 U.S. 63, 73, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Petitioner explains that he never received discovery or *Brady* material from the prosecutors, so he had to trust the advice of his attorneys.[3] However, the Sixth Circuit has held that "a prosecutor's failure to disclose arguably exculpatory *Brady* material prior to plea bargaining did not render the defendant's guilty plea involuntary where a factual basis for the plea was established at the plea proceeding." *Robertson v. Lucas*, 753 F.3d 606, 621 (6th Cir. 2014) (citing *Campbell v. Marshall*, 769 F.2d 314, 318, 323-24 (6th Cir.1985)).

Next, Petitioner claims that his plea was invalid because Ohio Rule of Criminal Procedure 11 requires that during the plea colloquy he plead guilty separately to aggravated murder and the firearm specification. However, as the Magistrate Judge explained, the First District found that a separate plea to the gun specification was not necessary under Rule 11. (See Doc. 13, PAGEID# 552).[4] Citing *State v. White*, 2002

---

[3] Petitioner also accuses Judge Nadel—who presided over his criminal proceedings—of judicial bias and committing fraud upon the court by withholding or encouraging the withholding of this discovery or *Brady* material from him. Petitioner has not provided anything more than this unsupported allegation to support his claim of bias. While Petitioner does argue that Judge Nadel's denial of his Motion for Delayed Appeal demonstrates bias, the Magistrate Judge explained that Petitioner was ultimately granted his delayed appeal by an appropriate judge.

[4] Petitioner also argued in his objections that his guilty plea was not valid because the plea was not accepted by a three-judge panel. As the Magistrate Judge explained in his Supplemental R&R, Petitioner's argument relies on *State v. Parker*, 95 Ohio St. 3d 524, 525, 769 N.E.2d 846, 848 (Ohio 2002), in which the Ohio Supreme Court held a "defendant charged with a crime punishable by death who has waived his right to trial by jury must . . . have his case heard

5

WL 31169182 (Ohio Ct. App. 2002), the First District explained that Ohio Criminal Rule 11(C)(3) only requires a defendant to enter a separate plea to a death-penalty specification. (Id.) This Court must respect this determination unless there was a violation of due process. *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991). Therefore, the sole inquiry is whether Petitioner's guilty plea comported with the protections of due process. *Id.*

At the plea hearing, the judge reviewed the Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty, which was signed by Petitioner. (Doc. 13-2, PAGEID# 1087). The judge also had the following exchange with Petitioner:

> THE COURT: And you understand that by pleading guilty, you make a complete admission of your guilt. Do you understand that? The only thing left to do will be to sentence you, which could be as I just indicated. You understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And by pleading guilty, you waive the following rights. By pleading guilty, you waive the following rights: Again, you waive your right to a jury trial. You waive your right to confront witnesses against you. You waive your right to have subpoenaed witnesses to testify in your favor. And you waive your right to require the state to prove your guilt beyond a reasonable doubt at a trial in which you cannot be compelled to testify against yourself.
>
> Do you understand the rights you waive, or give up, by pleading guilty?
>
> THE DEFENDANT: Yes, sir.

(Doc. 13-2, PAGEID# 1087-88). Finally, the judge reviewed the potential penalties for

---

and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." As the Magistrate Judge also explained, a three-judge panel is not required where the defendant is not charged with a death penalty specification. *See State v. Butler*, 2018 WL 4232369, *3 (Ohio Ct. App. 2018). Here, Petitioner was charged with firearm specifications, not a death penalty specification.

6

both the aggravated murder and the gun specification. (Doc. 13-2, PAGEID# 1086). This Court concludes that the plea colloquy supports the state court's determination that Petitioner's plea was knowing and voluntary. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's First Ground for Relief is without merit. Accordingly, Petitioner's Objections on this point are OVERRULED.

### C. Ineffective assistance of appellate counsel

Claims of ineffective assistance of appellate counsel are subject to the two-prong *Strickland* test. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009). First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, Petitioner must show that such performance prejudiced his defense. *Id.* Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

The Magistrate Judge noted that in deciding Petitioner's ineffective assistance of appellate counsel claim, the First District found that by his knowing, voluntary and intelligent guilty plea, Petitioner waived his proposed actual-innocence, diminished-capacity, and weight-and-sufficiency claims, which he maintains his appellate counsel should have raised on appeal. As a result, the First District concluded that his appellate counsel cannot be said to have been ineffective in failing to raise the

7

claims on appeal. The Magistrate Judge determined that this conclusion was not an objectively unreasonable application of clearly established Supreme Court precedent. The Court finds no error in the Magistrate Judge's conclusion that Petitioner's Second Ground for Relief is without merit.

### D. Cumulative error

As the Magistrate Judge explained, under the Antiterrorism and Effective Death Penalty Act, a claim of cumulative error is not cognizable in habeas corpus. *See Williams v. Anderson,* 460 F.3d 789, 816 (6th Cir. 2006) ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue."); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005) ("[W]e have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."). Therefore, the Court finds no error in the Magistrate Judge's conclusion that Third Ground for Relief is without merit. Accordingly, Petitioner's Objections on this point are OVERRULED.

### E. Actual innocence

In his Objections, Petitioner claims that the Magistrate Judge attempts to preclude a letter from Linda Freeman dated July 22, 2013 which shows that he is actually innocent. However, as the Magistrate Judge explained, the letter is unsworn and was not made a part of the state court record.[5] The Magistrate Judge concluded that this Court is precluded from considering the letter by *Cullen v. Pinholster*, 563 U.S. 170, 182, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011).

---

[5]While the Magistrate Judge stated that this letter was already in existence months before Petitioner waived his right to present evidence and plead guilty on December 10, 2013, it appears that the letter was not sent to Petitioner until June 23, 2015. (Doc. 31-1, PAGEID# 1361).

8

In *Pinholster*, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400.

As this Court has recognized, district courts which have addressed the issue have unanimously held that *Pinholster's* limitation on new evidence does not apply to claims of actual innocence when it is used to excuse a procedural default of another claim. *Johnson v. Warden, Chillicothe Corr. Inst.*, No. 2:16-CV-985, 2018 WL 9669761, at *5 (S.D. Ohio June 26, 2018), *objections overruled*, No. 2:16-CV-985, 2018 WL 9662539 (S.D. Ohio Sept. 20, 2018) (citing *Vinson v. Mackie*, Case No. 14-cv-14542, 2016 WL 6595021, at *1 (E.D. Mich. Nov. 8, 2016) (collecting cases)). However, as the Magistrate Judge explained, in this case, Petitioner has not presented this type of "gateway" innocence claim. Instead, Petitioner brings a freestanding innocence claim.

As the Sixth Circuit has noted, the Supreme Court has yet to determine whether a federal habeas court may entertain a freestanding innocence claim. *Stojetz v. Ishee*, 892 F.3d 175, 208 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1262 (2019) (citing *House v. Bell*, 547 U.S. 518, 554-55 (2006)). However, the Sixth Circuit explained that if such a claim were cognizable, "the showing required for such a hypothetical claim would be greater than that required for a gateway-innocence claim." *Id.* (citing *House*, 547 U.S. at 555). Accordingly, if a petitioner cannot "meet the standard for a gateway-innocence

9

claim—viz., establishing that 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt[,]'"—he cannot meet the higher burden which would apply to a free-standing claim. *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

Here, Petitioner cannot meet the lower standard for a gateway-innocence claim based on the letter from Linda Freeman dated July 22, 2013. In the letter, Freeman states that she and her husband were parked outside Larry Littlepage's house on the night of his murder. (Doc. 31-1, PAGEID# 1363). Freeman writes that she heard arguing and three "pops" which sounded like gun shots. (Id.) Freeman states that she and her husband observed a woman and man come in and out of the house several times; and then leave and return to the house in a silver car. (Id.) Freeman also states that she observed the man and woman load things into the silver car and throw things into the woods next to the house. (Id.) Freeman explained that she did not come forward with this information sooner because her husband was concerned they would be retaliated against. (Id.) However, there is nothing in the letter which would constitute "substantial evidence pointing to a different suspect." *House*, 547 U.S. at 554. Freeman merely saw other people at Larry Littlepage's house on the day he died. This evidence does not exclude the possibility that Petitioner was also at the house at some point. The Court concludes that the evidence does not demonstrate that "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."

Therefore, the Court finds no error in the Magistrate Judge's conclusion that even

if such a claim were permissible, Petitioner has not established a claim of actual innocence. Accordingly, Petitioner's Objections on this point are OVERRULED.

### F. Stay and Abeyance

The Magistrate Judge noted that there was never a ruling on Petitioner's Motion for Stay and Abeyance, which was filed as an attachment to his Petition (Doc. 1-3). The Magistrate Judge explained that Petitioner's request for stay and abeyance would need to be premised on a finding by this Court that any claim was truly unexhausted.[6] However, the Magistrate Judge found that Petitioner has not brought a claim which cannot be decided due to lack of exhaustion.

In his Objections, Petitioner argues that there is no basis to deny his Motion for Stay and Abeyance. Petitioner maintains that there are documents which were a part of the state court record which should have been made a part of the record in this case, so therefore there are claims which have not been exhausted. This issue regarding the completeness of the record was addressed by the Magistrate Judge. (See Doc. 20, PAGEID# 1189). However, the issue here is the application of the exhaustion doctrine. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* As the Magistrate Judge explained, there is no dispute

---

[6]Under *Rhines v. Weber*, 544 U.S. 269 (2005), a petition should be stayed and held in abeyance only where (1) the petitioner's unexhausted claims are not plainly meritless, and (2) there was good cause for failing to present the claims to the state court before petitioning for habeas corpus relief in this Court.

11

that Petitioner's claims have been exhausted; and therefore, a stay of his Petition is unnecessary. Therefore, the Court finds no error in the Magistrate Judge's denial of Petitioner's Motion for Stay and Abeyance as moot.

### G. Certificate of appealability

Petitioner argues that a certificate of appealability should issue because in reviewing his *in forma pauperis* motion, the Magistrate Judge determined the Petition was not too frivolous to order an answer.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003).

As the Magistrate Judge explains, the question of whether a petition is sufficient to warrant an answer and the question whether, after the case has been decided, an appeal should be permitted to proceed *in forma pauperis* are different questions. The Court finds no error in the Magistrate Judge's conclusion that Petitioner should be denied a certificate of appealability.

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED** and the Magistrate Judge's December 20, 2017 R&R (Doc. 24) and Supplemental R&R (Doc. 29) are **ADOPTED**;

2. The Petition **is DISMISSED with PREJUDICE**;

3. Petitioner's Objections to the February 9, 2018 Order Denying Motion for Stay and Abeyance (Doc. 31) are **OVERRULED**;

4. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability; and

5. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                        */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge